IN THE TAX COURT OF THE
STATE OF OREGON

H. Leonard GOFF

*v.*

DEPARTMENT OF REVENUE
*and*

WASHINGTON COUNTY ASSESSOR,
*Intervenor*
(TC 3906)

Taxpayer appeared *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented the department and waived participation in the trial.

George McDowell, Assistant County Counsel, Washington County, represented intervenor (county).

Decision for intervenor rendered October 1, 1996.

### CARL N. BYERS, Judge.

Taxpayer appeals the July 1, 1994, assessed value of residential property located on Bull Mountain Road near Tigard. The appeal focuses on what effect deferred maintenance, traffic noise and vibrations have on the property's value. Taxpayer contends that the assessed value of $163,590

is excessive and the real market value does not exceed $135,000.[1]

The subject property was constructed in the mid-1970s and is a class IV (average) home containing 3628 square feet with 1814 square feet on the main floor. The property has a partially finished full basement. The property improvements suffer from significant depreciation. The roof needs replacing, the septic system needs repairing, and other work, such as painting, is needed. The original interiors are orange, red, and avocado in color and are dated and worn.

Taxpayer testified that traffic noise and vibration significantly diminish the value of the property. He stated that, at times, the vibration is so bad it causes items to move across and fall off tables. Taxpayer offered the property for sale as is for $145,000, but was unsuccessful. He did not list the property with a realtor in the traditional way but placed for sale signs on the property and neighboring streets and distributed some 25,000 flyers. He received only one offer in the amount of $126,000, which he did not accept.

Jerry Plank, appraiser, testified for Washington County (county). He relied primarily upon the market comparison approach using four comparable sales to obtain an indicated range of value for the subject property of $162,100 to $187,400. In making his market comparison, he allowed $32,000 for deferred maintenance and adjusted the comparable sales from $20,200 to $28,600 for location due to traffic noise and vibration. His analysis led him to form an opinion that the subject property has a real market value of $172,000.[2] He also performed improvement residual value calculations that show a close range for the comparable sales while, by comparison, the assessed value of the subject property is significantly lower.

---

[1] In his complaint, taxpayer requested an assessed value of $145,000. At trial, he reduced this request to $135,000.

[2] Plank's appraisal derived a value of $175,000 for the subject property. However, after he learned at trial that the basement contained an area that was unfinished, he reduced his opinion of value to $172,000.

Although taxpayer offered the property for sale in the open market, the court is not persuaded that it was adequately exposed to the market. The property's location and characteristics are distinctive and would appeal to a limited number of potential purchasers. Consequently, taxpayer's evidence of only one offer is inconclusive evidence with regard to market value.

Most of taxpayer's evidence addressed perceived weaknesses of Plank's analysis. However, other than pointing out that the basement was not fully finished, taxpayer's evidence falls short of providing estimates of value. The traffic noise and vibration is obviously a problem. However, taxpayer's evidence focused only on why he believed the county's measures did not adequately account for the traffic noise. Taxpayer failed to submit any better indications of market responses to traffic noise and vibration. This may be due to the fact that taxpayer believes there are no knowledgeable buyers when it comes to traffic noise. He believes purchasers may be aware of traffic noise and vibrations at the time of purchase, but they do not fully appreciate its significance until after they have lived there. While this may be true, the fact is that the conditions are obvious or apparent to any prospective purchaser. So long as purchasers continue to operate on the basis of their initial impressions rather than on the basis of their feelings after having lived there, real market value will be based upon and reflect the initial impressions. The court finds that the preponderance of the evidence supports the assessed value. Accordingly, the court finds that the real market value of the subject property as of July 1, 1994, was $163,590. Costs to neither party.